# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LORETTA MARIE MYLES, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> THE UNIVERSITY OF TEXAS HEALTH § <br> CENTER AT SAN ANTONIO; MISTY § <br> ANN GAEKE, INDIVIDUALLY; and § <br> HEATHER AMY KOBBE, § <br> INDIVIDUALLY, § <br> § <br> *Defendants*. § <br> § | Civil Action No. SA-17-CV-871-XR |

## ORDER

On this date, the Court considered the status of the above-captioned case. After careful consideration, the Court GRANTS IN PART AND DENIES IN PART Defendants Misty Ann Gaeke and Heather Amy Kobbe's Motion to Dismiss. Docket no. 7.

## BACKGROUND

On July 31, 2017, Plaintiff Loretta Marie Myles brought this action in the County Court at Law Number Three, Bexar County, Texas, bringing claims for wrongful termination under the Family Medical Leave Act ("FMLA") and age discrimination under the Texas Labor Code. Docket no. 1-5. On September 8, 2017, Defendants removed this action to this Court. Docket no. 1.

On January 14, 1998, Defendant The University of Texas Health Science Center at San Antonio ("UTHSCSA") hired Plaintiff as a Human Resource Administrative Clerk. Docket no. 1-5 at 4. Plaintiff states she resigned on May 14, 2003, "under good terms and was eligible for

rehire," and on September 8, 2005, Plaintiff was rehired as a Human Resource Technical Support Specialist. *Id.* Plaintiff was promoted over the next several years, including to Human Resource Advisor on March 1, 2006, Human Resource Supervisor on May 1, 2007, and Manger of Benefits and Records on September 1, 2009, all of which came with a pay increase. *Id.* Plaintiff alleges she was "reclassified" to Benefit Program Administrative-Lead on November 1, 2010, with a pay decrease. *Id.*

Plaintiff alleges that on February 1, 2011, she requested a constructive demotion "because then Director of Human Resources Mary Mahar had created an objectively hostile and retaliatory environment that [Plaintiff] could not endure." *Id.* Plaintiff alleges she lost $13,000.00 in annual compensation. *Id.* Plaintiff alleges that she possessed "the requisite skill, experience, education and other job-related requirements for the positions she held." *Id.*

Plaintiff states that Defendant Gaeke was the Senior Director, Total Rewards, and HRIS of the Human Resources Department for UTHSCSA and exercised supervisory authority over Plaintiff. *Id.* Plaintiff states that Defendant Kobbe was the Senior Director, Talent Management, of the Human Resources Department for UTHSCSA and exercised supervisory authority over Plaintiff. *Id.* at 5.

On December 21, 2015, Plaintiff alleges that she requested and received an FMLA benefits packet to nurse and care for her husband, who suffered from prostate cancer. *Id.* Plaintiff alleges that she called Gaeke on December 23, 2015, and told Gaeke she received the packet and wanted to apply for FMLA benefits to care for her husband. *Id.* Plaintiff alleges that Gaeke instructed Plaintiff "not to complete the FMLA packet and not to pursue any FMLA benefits."

*Id.* Plaintiff alleges she was entitled to up to twelve weeks of leave, but that Gaeke "restrained, interfered with, and otherwise denied [Plaintiff] the right to her full FMLA benefits." *Id.*

Plaintiff alleges her husband was released from the hospital on January 6, 2016, but he was physically unable to care for himself. *Id.* Plaintiff states she was overwhelmed with the responsibility of caring for her husband and attending to her work responsibilities. *Id.* Plaintiff alleges that on January 27, 2016, Gaeke walked into Plaintiff's office and "told her point-blank that she needed to update her résumé and start looking for another job." *Id.* Plaintiff alleges she felt threatened and the target of retaliation "because she sought benefits under the FMLA." *Id.* Plaintiff alleges that, feeling that Gaeke would again interfere with and otherwise restrain her from accessing FMLA leave, she initiated "FMLA leave under the guise of taking time off for the stress and anxiety she suffered as a result of the hostile work environment and to take a break from Gaeke's harassment." *Id.* at 6. Plaintiff alleges this leave period went from January 28, 2015, to April 1, 2016. *Id.*

Plaintiff alleges that on April 4, 2016, her first day back from leave, Gaeke "ambushed [Plaintiff] with a document entitled 'Notification of Intent to Terminate Employment.'" *Id.* Plaintiff alleges that, in this document, Gaeke falsely accused Plaintiff of entering an incorrect date of birth on May 13, 2015, and failing to process a life insurance claim properly on January 12, 2016. *Id.* Gaeke allegedly gave Plaintiff twenty-four hours to respond. *Id.* Plaintiff states that on April 7, 2016, Gaeke formally discharged Plaintiff "for pretextual reasons and in retaliation for [Plaintiff's] request for FMLA leave to care for her critically ill husband." *Id.* Plaintiff alleges that Gaeke terminated Plaintiff "because she wished to hire a younger employee to replace her, or otherwise treat her less favorably than younger employees, and because of age." *Id.*

3

Plaintiff brings a claim for violation of the Texas Labor Code against UTHSCSA. *Id.* Plaintiff also brings claims for violations of the FMLA against UTHSCA and Gaeke. *Id.* at 7. Plaintiff alleges that Gaeke interfered with, restrained, and denied Plaintiff's exercise of or the attempt to exercise her rights under the FMLA and discouraged her from seeking benefits with respect to the FMLA's family-care provision. *Id.* at 7–8. Plaintiff also alleges that Gaeke retaliated against Plaintiff because she exercised her rights with respect to the FMLA's self-care provision. *Id.* at 7. On November 17, 2017, individual Defendants Gaeke and Kobbe filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), now pending before the Court. Docket no. 7.

## DISCUSSION

### I. Legal Standard

The Court must dismiss a cause for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). Unlike a 12(b)(6) motion, the district court is empowered to consider matters outside the complaint and matters of fact that may be in dispute in a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.  Application

Defendants argue that Plaintiff fails to state a valid claim of any kind against Kobbe. Defendants also argue that Plaintiff's claims under the FMLA's self-care provision should be dismissed because neither are "employers" within the meaning of the FMLA and because Plaintiff's claims are actually claims against the State.

### A. Plaintiff's Claims Against Kobbe

Plaintiff fails to sufficiently allege any claim against Kobbe. Although Plaintiff makes specific, individual allegations against Gaeke, Plaintiff fails to do so against Kobbe. Plaintiff only identifies Kobbe as a defendant in the case; states that Kobbe "exercised supervisory authority over [Plaintiff] and possessed the authority to act, directly or indirectly, in the interests of [UTHSCSA]"; and identifies Kobbe's responsibilities, including the authority to hire and fire employees and supervise and control work schedules, including FMLA leave. Docket no. 1-5 at 2, 5. Plaintiff generally names Kobbe again in her prayer for damages. *Id.* at 9–10. However, at

5

no point does Plaintiff state specific facts that correspond to Kobbe. Plaintiff even only names UTHSCA and Gaeke when setting out her specific claims under the FMLA. *Id.* at 7–8. Plaintiff fails to state any valid claim against Kobbe.

**B. Plaintiff's Self-Care Claims Against Gaeke**

Defendants argue that Plaintiff's FMLA self-care claim should be dismissed because Gaeke is not an "employer" within the meaning of the FMLA for that provision. Plaintiff argues that she sufficiently alleges that Gaeke is an "employer" and that she is liable.

Under the FMLA, an eligible employee is entitled to twelve workweeks of leave during any twelve-month period because, among other things, "of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA also makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" this right to leave. 29 U.S.C. § 2615(a)(1). Under the FMLA, the term "employer"—

> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes—
>
>> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>> (II) any successor in interest of an employer;
>
> (iii) includes any "public agency", as defined in section 203(x) of this title; and
>
> (iv) includes the Government Accountability Office and the Library of Congress.

29 U.S.C. § 2611(4)(A). A "public agency" means "the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including

6

the United States Postal Service and Postal Regulatory Commission), a State, or a political subdivision of a State; or any interstate governmental agency." 29 U.S.C. § 203(x).

Federal courts lack jurisdiction "over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014) (citations omitted). Congress may abrogate a state's immunity from suit pursuant to § 5 of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 451 (1976). Congress must "mak[e] its intention to abrogate unmistakably clear in the language of the statute," *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003), and it must do so through a valid exercise of congressional power under § 5. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 36 (2012). To effect a valid abrogation of state immunity from suits for damages under § 5, "Congress must identify a pattern of constitutional violations and tailor a remedy congruent and proportional to the documented violations." *Id.* at 43.

In *Modica v. Taylor*, the Fifth Circuit held that the definition of "employer" under the FMLA includes a public employee. *Modica v. Taylor*, 465 F.3d 174, 187 (5th Cir. 2006). The Fifth Circuit found that the statute "plainly includes in the definition of employer 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer'" and "the statute further includes public agencies as employers." *Id.* at 184. Thus, the Fifth Circuit held, if a public employee "acts, directly or indirectly, in the interest of an employer," that employee satisfies the definition of an employer under the FMLA and may be subject to liability in an individual capacity. *Id.*

In *Coleman v. Court of Appeals of Maryland*, however, the Supreme Court held that Congress failed to identify a pattern of constitutional violations and tailor a remedy that was congruent and proportional when it allowed employees to sue States for violations of the FMLA's self-care provision. *Coleman*, 566 U.S. at 43–44. Accordingly, Congress did not validly abrogate state immunity with respect to the FMLA's self-care provision. *Id.* The Court found that, although the abrogation of state immunity with respect to the family-care provision was valid because the requirement placed on state employees was "narrowly targeted at the faultline between work and family—precisely where sex-based overgeneralization has been and remains strongest," *see Hibbs*, 538 U.S. at 738, "[t]he same cannot be said for requiring the States to give all employees the opportunity to take self-care leave." *Coleman*, 566 U.S. at 37.

The Supreme Court did not discuss how its finding applies to state employees, rather than the State itself. The doctrine of sovereign immunity, however, does not extend to individuals sued in their individual capacities. Accordingly, Plaintiff can bring a claim against Gaeke in her individual capacity under the self-care provision of the FMLA.

Defendants argue that Plaintiff cannot seek damages against Gaeke because the State is the real party in interest. The Eleventh Amendment bars a suit against state officials when "the state is the real and substantial party in interest." *Modica*, 465 F.3d at 183. Whether the state is the real and substantial party in interest depends on the circumstances. *Id.* (citing *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001)).

In *Kazmier v. Widmann*, the Fifth Circuit held that the plaintiff could not establish subject-matter jurisdiction for claims brought against public officials in their individual capacities because "it is clear that the State of Louisiana is the real party in interest." *Kazmier v.*

*Widmann*, 225 F.3d 519, 533 n.65 (5th Cir. 2000), *abrogated on other grounds by Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003). In *Modica*, the Fifth Circuit limited *Kazmier* to its facts and recognized that state officials can be sued in their individual capacities depending on the circumstances. *Modica*, 465 F.3d at 183–84; *see also Luder v. Endicott*, 253 F.3d 1020, 1024–25 (7th Cir. 2001) (finding that the state would be required to pay damages to plaintiffs and that the Fair Labor Standards Act suit brought against state officers in their individual capacities was a "transparent[ ] effort at an end run around the Eleventh Amendment"). The *Modica* Court held that the Eleventh Amendment did not bar the plaintiff's individual capacity claim against a state employee who terminated the plaintiff because the claim was based on an alleged retaliatory act inflicted by that individual defendant. *Id.* at 184. By contrast, in *Henley v. Simpson*, the Fifth Circuit held that the state was the real party in interest because the state employees being sued over the state compensation policy never signed or promulgated the policy that was the focus of the plaintiff's claims, and the plaintiff was only attempting an "end run" around the Eleventh Amendment. *Henley v. Simpson*, 527 F. App'x 303, 307 (5th Cir. 2013).

Plaintiff's allegations in this case are more similar to those in *Modica* than those in *Henley*. Plaintiff alleges that Gaeke instructed Plaintiff to not complete the FMLA packet or pursue any FMLA benefits and that Plaintiff initiated self-care because she feared that Gaeke would interfere with and otherwise restrain her from accessing FMLA leave to care for her husband. Plaintiff further alleges that Gaeke "ambushed" her with a Notification of Intent to Terminate Employment letter shortly after she returned to work from her leave period and subsequently terminated her for pretextual reasons and in retaliation for the leave she took. Plaintiff also seeks damages from Gaeke individually. At this stage, Plaintiff sufficiently alleges

a claim against Gaeke for actions that Gaeke carried out, not just the State itself. *See Bellow v. Bd. of Supervisors of Louisiana State Univ. & Agric. Mech. Coll.*, No. CIV.A. 12-1529, 2014 WL 2203881, at *5 (E.D. La. May 27, 2014) (allowing claim against individual defendant state employee whom plaintiff alleged personally violated the FMLA). Accordingly, Plaintiff is not barred from bringing a claim against Gaeke in her individual capacity.

Finally, in Defendants' reply to Plaintiff's response to the motion to dismiss, Defendants for the first time fully raise the argument that Gaeke is entitled to qualified immunity. After a defendant asserts qualified immunity as a defense, the burden is on the plaintiff to negate qualified immunity. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). To meet this burden, a plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

In light of *Modica*'s plain language, Plaintiff has the statutory right to take medical leave, and by alleging that Gaeke terminated her in retaliation for exercising that statutory right, Plaintiff satisfies the first prong. The central concept of qualified immunity's second prong is one of "fair warning." *Bellow v. LeBlanc*, 550 F. App'x 181, 184 (5th Cir. 2013) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). "[T]he right the official is alleged to have violated must . . . be sufficiently clear that a reasonable official would understand that [her actions] violate[ ] that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). After *Modica*, Gaeke had "fair warning" that terminating Plaintiff for availing herself of FMLA leave would violate her clearly-established right to do so. *See Bellow*, 550 F. App'x at 184. Accordingly, accepting her

allegations as true at this stage, Plaintiff has abrogated Gaeke's qualified immunity defense with respect to this claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Docket no. 7) is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims against Kobbe are DISMISSED WITHOUT PREJUDICE. Plaintiff's FMLA claims against Gaeke survive at this time.

It is so ORDERED.

SIGNED this 11th day of January, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE